# EXHIBIT 1

Original - Court
1st Copy- Defendant
2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 26-004654-CD Hon.Qiana Denise Lillard |
|---|---|---|

Court telephone no.: 313-224-2240

| Plaintiff's name(s), address(es), and telephone no(s) Rodriguez, Mark Thomas | v | Defendant's name(s), address(es), and telephone no(s). Lasership, Inc d/b/a Ontrac Final Mile *C/O RESIDENT AGENT* *3410 BELLE CHASE WAY STE 600* *LANSING, MI 48911* |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Sharla Charpentier 84860 611 West Court Street Flint, MI 48503 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐_____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 3/19/2026 | Expiration date* 6/18/2026 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

MCL 600.1910, MCR 2.104, MCR 2.105

SUMMONS

Case No. : **26-004654-CD**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                              Date and time

_____ on behalf of _____

Signature

_____

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARK RODRIGUEZ,

    Plaintiff,

v.

LASERSHIP, INC.,
a foreign profit corporation,
d/b/a ONTRAC FINAL MILE, and
JOHN CICHETTI, an individual,
jointly and severally,

    Defendants.

Case No. 26-      -CD

Hon.

_____/

LAW OFFICE OF DEAN T. YEOTIS, P.C.
DEAN T. YEOTIS (P4120)
SHARLA R. CHARPENTIER (P84860)
*Attorneys for Plaintiff*
611 West Court Street
Flint, Michigan 48503
810-767-6100
deanyeotis@yahoo.com
scharpentier@deanyeotis.net

_____/

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this case pursuant to 2.508(B) of the Michigan

Court Rules.

Respectfully submitted,

LAW OFFICE OF DEAN T. YEOTIS, P.C.

*Sharla R. Charpentier*

DEAN T. YEOTIS (P41290)
SHARLA R. CHARPENTIER (P84860)
Attorneys for Plaintiff

Dated: March 19, 2026

26-004654-CD FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   3/19/2026 12:13 PM   Jacqueline Ruff

LAW OFFICE
EAN T. YEOTIS
11 W. Court Street
Flint, MI 48503
(810) 767-6100
ax (810) 767-6415

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARK RODRIGUEZ,

      Plaintiff,

v.

LASERSHIP, INC.,
a foreign profit corporation
d/b/a ONTRAC FINAL MILE, and
JOHN CICHETTI, an individual,
jointly and severally,

      Defendants.

Case No. 26-        -CD

Hon.

_____/

LAW OFFICE OF DEAN T. YEOTIS, P.C.
DEAN T. YEOTIS (P41290)
SHARLA R. CHARPENTIER (P84860)
Attorneys for Plaintiff
611 W. Court Street
Flint, MI 48503
(810) 767-6100
deanyeotis@yahoo.com
scharpentier@deanyeotis.net

_____/

## COMPLAINT

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

Plaintiff MARK RODRIGUEZ, by his counsel, the LAW OFFICE OF DEAN T. YEOTIS, P.C., and for his complaint against Defendant LASERSHIP, INC., d/b/a ONTRAC FINAL MILE, and Defendant JOHN CICHETTI, states:

1

## PARTIES AND JURISDICTION

1. Plaintiff MARK RODRIGUEZ ("Plaintiff") is a resident of the County of Wayne, State of Michigan.

2. Defendant LASERSHIP, INC., d/b/a ONTRAC FINAL MILE ("Defendant OnTrac") is a foreign profit corporation conducting business in the County of Wayne, State of Michigan.

3. Defendant JOHN CICHETTI ("Defendant Cichetti") is an authorized agent of Defendant OnTrac and conducts business in the County of Wayne, State of Michigan.

4. The claim which Plaintiff asserts in this case against both Defendants include:

   a. Race/National Origin Discrimination in Violation of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq ("ELCRA").

5. The amount in controversy in this case exceeds Twenty-Five Thousand Dollars ($25,000) excluding costs, interest, and attorney fees.

6. This Court has subject matter jurisdiction over this action based on the general subject matter jurisdiction provision of the Revised Judicature Act, MCL 600.605.

7. This is the Court of proper venue for this action under MCL 600.1621 because this is the Court in the County in which Defendants conduct business.

8. This is the Court of proper venue for this action under MCL 600.1621 because this is the Court in the County in which Plaintiff resides.

9. This is the Court of proper venue for this action because this is the Court in the County in which facts supporting this cause of action arose.

## GENERAL ALLEGATIONS

10. Plaintiff is a Hispanic man.

11. In September of 2023, Plaintiff was hired as a General Manager of Branch

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

2

Operations at Defendant OnTrac's Detroit branch located in Romulus, Michigan.

12. Defendant Cichetti, a non-Hispanic man, is the Regional General Manager of the Midwest Region for Defendant OnTrac.

13. Defendant Cichetti was Plaintiff's supervisor beginning on or about June 1, 2025, through Plaintiff's termination on or about July 13, 2025.

14. Throughout the tenure of his employment, Plaintiff performed his job duties at a satisfactory or above level.

15. Based on his performance level, Plaintiff was assigned the title of "Regional Champion" for his contributions to process improvements.

16. On or about June 1, 2025, Defendant Cichetti was assigned as Regional General Manager for the newly restructured Midwest Region that included the Detroit branch where Plaintiff worked. Defendant Cichetti became Plaintiff's supervisor at this time.

17. On or about June 5, 2025, Plaintiff had his first face-to-face interaction with Defendant Cichetti when Defendant Cichetti visited the Romulus facility. Defendant Cichetti spent the majority of his time alone in a closed-door office. Plaintiff observed a noticeable shift in Defendant Cichetti's demeanor upon meeting Plaintiff in person.

18. Once Defendant Cichetti became Plaintiff's supervisor, Plaintiff's workplace changed for the worse. Under Defendant Cichetti, Plaintiff was disregarded, undermined, and treated differently and less favorably than his non-Hispanic counterparts.

19. Plaintiff experienced a complete lack of communication, guidance, and support from Defendant Cichetti regarding high-level corporate projects and initiatives. Defendant Cichetti's disengagement from Plaintiff set him up for failure and exposed him to undue professional risk.

20. From approximately June 6th through June 13th of 2025, Plaintiff was tasked with

LAW OFFICE
JEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

3

leading the Flint facility closure under the project name "Flint Volume Injection Preparation." This project was significant to Defendant OnTrac in terms of the operational and financial impact on the company. Despite the importance, difficulties and complexities of this project, Defendant Cichetti provided no leadership, direction, or logistical support to Plaintiff. Plaintiff was left to independently execute all major components of this project.

21. As the Regional General Manager, Defendant Cichetti held the ultimate responsibility for regional outcomes, including the Romulus facility and its operations. In light of this fact, Plaintiff provided Defendant Cichetti detailed updates on projects assigned to Defendant Cichetti and Plaintiff. However, Defendant Cichetti was still completely disengaged from Plaintiff and did not bother to respond.

22. On or about June 23, 2025, Plaintiff sent a photo to Defendant Cichetti to apprise him of the Flint facility closure development. Later that day, during a conference call with corporate senior leadership, Plaintiff was publicly singled out by Vice President Ryan Lively, a non-Hispanic, for alleged unsafe facility practices based on the photo Plaintiff sent. The statement made regarding safety was inaccurate and misleading. Despite Defendant Cichetti having firsthand knowledge of the statement being inaccurate from his visit to the Romulus facility himself on June 5, 2025, Defendant Cichetti did not speak up for Plaintiff or dispute the statement.

23. Defendants continued to undermine Plaintiff and portray him as incompetent despite his effective job performance as measured by the comparative success of the Detroit branch, further setting him up for failure and discriminating against him.

24. On or about June 10, 2025, Plaintiff emailed Defendant Cichetti regarding Go-Live

LAW OFFICE
JEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

4

support for the company FasTrac initiative. Defendant Cichetti did not bother to respond.

25.     On or about June 26, 2025, two weeks prior to Plaintiff's scheduled and approved vacation time off, Plaintiff emailed Defendant Cichetti again regarding a solution for the coverage of the launch occurring during his approved vacation time. Defendant Cichetti ignored Plaintiff's email and proposed solution altogether.

26.     Plaintiff had been working with Marisol "Mary" Sims, the General Manager of the Grand Rapids facility and only other Hispanic manager in the Midwest Region, on the company's FasTrac initiative. Ms. Sims offered to travel to the Detroit branch during Plaintiff's vacation to ensure a smooth launch, which Plaintiff communicated to Defendant Cichetti in his email as a proposed solution for coverage.

27.     Rather than have Ms. Sims oversee the launch, however, Defendant Cichetti sent Mitch Allgood, a non-Hispanic General Manager of the Toledo facility, to the Romulus facility to oversee the launch. Mr. Allgood had less experience than Ms. Sims. Compared to Ms. Sims, Mr. Allgood had less training in FasTrac, and his skill set and experience were restricted to a much smaller facility in size and volume.

28.     Plaintiff took his approved vacation time as planned beginning on July 4, 2025. His vacation had been approved by his previous manager, Mr. Colaberadino, months in advance. Defendant Cichetti was well aware of Plaintiff's approved vacation and that Plaintiff would not be available for the July 12th FasTrac Go-Live launch as a result.

29.     Prior to Plaintiff's vacation, Defendant Cichetti had encouraged Plaintiff to take vacation and emphasized the importance of being fully disconnected while on vacation. Defendant Cichetti shared that he himself spends time in the wilderness completely away from his job and unresponsive to work during his vacation time. The same behavior Defendant Cichetti endorsed for himself, however, was portrayed as a failure when

LAW OFFICE
)EAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

5

carried out by Plaintiff.

30. Plaintiff ensured coverage was in place during his vacation time. As part of his coverage, Plaintiff set up an out of office autoreply during his vacation time that included persons to contact in his absence. Defendant Cichetti was one of the individuals listed to contact in Plaintiff's absence.

31. Once again, on or about July 6, 2025, Vice President Lively criticized Plaintiff's performance with inaccurate and misleading statements in an email that included CEO Mike Duffy and Defendant Cichetti. Defendant Cichetti was fully aware of Plaintiff's approved vacation time and coverage set up in place for his absence. Yet Defendant Cichetti did not speak up for Plaintiff or dispute the statements.

32. On or about July 11, 2025, Defendant Cichetti texted Plaintiff asking him about his availability despite Plaintiff being on vacation. Plaintiff responded that he was unavailable that day and directed Defendant Cichetti to who could help in his absence. Plaintiff also reminded Defendant Cichetti that he had sent a complete operations update the day prior.

33. On or about July 13, 2025, on a Sunday during Plaintiff's vacation, Defendant Cichetti called Plaintiff and abruptly terminated him without stating a reason.

34. Tawana Carter, HR for Defendant OnTrac, was also on the termination phone call. Plaintiff called Ms. Carter after the meeting and asked for a reason for his termination. Ms. Carter was unable to provide a reason to Plaintiff and stated she did not know Plaintiff was being terminated.

35. Later that same day, on July 13, 2025, Plaintiff submitted an internal complaint of discrimination based on race/national origin via Defendant OnTrac's corporate web-

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

6

based link.

36. Plaintiff was replaced by a non-Hispanic man.

37. Plaintiff was terminated, in substantial part, because of his race/national origin.

38. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered and continues to suffer past and future economic damages as well as past and future emotional and mental harm damages. Plaintiff also seeks a statutory attorney fee award.

## COUNT I:
## RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF ELCRA

39. Plaintiff reasserts and incorporates by reference the paragraphs above.

40. Plaintiff asserts a violation of ELCRA based on racial/national origin discrimination.

41. Plaintiff is an "employee" as defined by ELCRA.

42. Both Defendants are "employers" as defined by ELCRA.

43. Plaintiff belonged to a "protected class" as defined by ELCRA based on his Hispanic race/national origin.

44. Plaintiff was well qualified for his position.

45. Defendants treated Plaintiff less favorably and more harshly than similarly situated non-Hispanic employees in the terms and conditions of his employment based on his race/national origin.

46. Compared to Defendants' non-Hispanic similarly situated employees, Plaintiff was not given equal opportunities in his employment terms and conditions.

47. Defendants discriminated against Plaintiff regarding his terms and conditions of employment, in substantial part, because of his race/national origin.

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI 48503
(810) 767-6100
Fax (810) 767-6415

7

48.     Defendants terminated Plaintiff, in substantial part, because of his race/national origin.

49.     Plaintiff's position was given to a less experienced and less qualified non-Hispanic employee under circumstances giving rise to an inference of discrimination.

50.     Based on Defendants' wrongful acts, Plaintiff has suffered and continues to suffer past and future economic damages as well as past and future emotional and mental health damages.  Plaintiff also seeks a statutory attorney fee award.

## CONCLUSION

Accordingly, Plaintiff seeks judgment against Defendants for damages exceeding Twenty-Five Thousand Dollars ($25,000.00), as the jury deems just, including past and future wage and benefit lost, and past and future emotional and mental harm damages, together with costs, interest, and attorney fees pursuant to statute.

Respectfully submitted,

LAW OFFICE OF DEAN T. YEOTIS, P.C.

Dated: March 19, 2026

DEAN T. YEOTIS (P41290)
SHARLA R. CHARPENTIER (P84860)
Attorneys for Plaintiff

LAW OFFICE
DEAN T. YEOTIS
611 W. Court Street
Flint, MI  48503
(810) 767-6100
Fax (810) 767-6415

8